UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK M. NERLINGER and
DELORES R. NERLINGER, jointly and
separately,

      Plaintiffs,                        CASE NO. 14-10635
                                        HON. LAWRENCE P. ZATKOFF

v.

UNITED STATES OF AMERICA,

      Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 7th day of January, 2015

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Defendant's Motion to Dismiss (Docket #6).  The Motion is fully briefed.  The Court finds that the facts and legal arguments pertinent to the Motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments.  Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted by the parties, without this Court entertaining oral arguments.  For the reasons that follow, Defendant's Motion is GRANTED.

## II. BACKGROUND

On October 29, 2009, the Internal Revenue Service ("IRS") sent Plaintiffs a letter of determination of taxes owed for taxable years 2001 and 2002. The IRS had previously placed two liens on Plaintiffs' assets on April 3, 2009, one for taxable year 2001 and one for taxable year 2002, and sent Plaintiffs notice of the liens on April 14, 2009. On November 29, 2009, Plaintiffs filed a petition against the IRS in the United States Tax Court ("Tax Court") to appeal the IRS's collection determination. On March 8, 2012, the IRS filed in the Tax Court a motion for entry of a decision, wherein the IRS stated, in part:

> 2.      At a hearing held on March 7, 2012, [the IRS] conceded [Plaintiffs] did not receive the notice of deficiency, that the liabilities for taxable years 2001 and 2002 would be abated, the liens released, and that no levy action would occur for these years.
>
> 3.      [The IRS] prepared a Stipulation of Settled Issues . . . reflecting the above stated concessions, however, [Plaintiffs] refused to sign the Stipulation. [Plaintiffs] demand that alleged facts be admitted by [the IRS] in the Stipulation and concede that [the IRS] abused his discretion.
>
> 4.      As a result of the concessions by [the IRS], there are no further issues for th[e Tax] Court.

On March 14, 2012, the Tax Court issued an "Order and Decision" that stated:

> This case was called from the calendar for the Trial Session of the Court at Detroit, Michigan on March 5, 2012. [Plaintiffs] and counsel for [the IRS] appeared and were heard. This case was recalled on March 7, 2012. [Plaintiffs] and counsel for [the IRS] again appeared and were heard. On March 8, 2012, [the IRS] filed with the Court a motion for entry of decision. After due consideration, and for cause more fully appearing in the transcripts of the proceedings and [the IRS's] motion for entry of decision, it is
>
> ORDERED that [the IRS's] motion for entry of decision is granted. It is further[:]

ORDERED and DECIDED that the determinations set forth in the Notice of Determination Concerning Collection Action, dated October 28, 2009, for the taxable years 2001 and 2002 are not sustained.

Plaintiffs filed a motion to vacate the Tax Court's March 14, 2012, Order and Decision. Plaintiffs argued that the IRS's concession was not real and would leave the IRS free to collect for taxable years 2001 and 2002.  On April 27, 2012, the Tax Court denied Plaintiffs' motion to vacate, finding that Plaintiffs wanted "more than a full concession from [the IRS] and [Plaintiffs] failed to sign a Stipulation of Settled Issues that resolved all issues in the case."   The Tax Court further stated:

> [Plaintiffs] are abusing the purposes for which the collection review statutes, section 6320 and 6330, were adopted.  [The IRS] fully conceded this case.  [The IRS] acknowledged that [Plaintiffs] did not receive the statutory deficiency notice. [The IRS] also abated (or would soon abate) the liabilities for 2001 and 2002 and the liens released [sic]. In addition, no levy action would occur for these years. [Plaintiffs] want [the IRS] to admit [it] abused its] discretion. This we cannot do nor, even if we could, the result remains the same. [The IRS] has made a full concession. There is no issue before us to decide.

Despite the ruling in their favor, Plaintiffs appealed the Tax Court's decision and sought a writ of mandamus before the Court of Appeals for the District of Columbia Circuit.  On December 2, 2013, the District of Columbia Circuit filed a per curiam judgment dismissing Plaintiffs' appeal and denying the writ of mandamus.  Significantly, the District of Columbia Circuit found:

> At bottom, [Plaintiffs] seek an assurance that they in fact owe no deficiencies for the years in question. The IRS has "fully conceded" that issue, however, and the Tax Court has entered judgment to that effect. [Plaintiffs'] appeal is therefore in contravention of the rule that "[a] party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it." *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 333 (1980). An exception to this rule has been applied in some tax cases where the IRS concedes the issue of liability for the year in question but an issue that might result in recurring liability in future tax years—such as the taxpayer's eligibility for an exemption—is left unresolved. *See Church of Scientology of Haw. v. United States*, 485 F.2d 313, 316–17 (9th Cir. 1973). *But see Handeland v. Comm'r*, 519 F.2d 327, 330 (9th Cir. 1975). Assuming

that exception to be sound, it does not apply if the unresolved issue is a factual one specific to the tax year in question and lacks preclusive effect in any proceeding involving future tax years. *See W.W. Windle Co. v. Comm'r*, 550 F.2d 43, 45–46 (1st Cir. 1977); *cf. Ala. Mun. Distribs. Grp. v. FERC*, 312 F.3d 470, 474 (D.C. Cir. 2002). That is the case here. The assessed deficiencies arose from [Plaintiffs'] alleged failure to report certain income in each of two taxable years and there is thus no issue that might recur in later tax years. The IRS has conceded that [Plaintiffs] owe no deficiencies for the years in question, abated the assessments, released the liens and disavowed any intent to levy on [Plaintiffs'] property.

Citing *Deposit Guar. Nat'l Bank*, 445 U.S. at 333, the District of Columbia Circuit then held that Plaintiffs "have therefore received all relief to which they are entitled and we lack jurisdiction to hear their appeal." Plaintiffs subsequently filed a motion to publish the District of Columbia Circuit's opinion and a petition for rehearing *en banc*, both of which were denied (on January 23, 2014, and February 11, 2014, respectively).

In a letter dated July 1, 2013, the IRS notified Plaintiffs that the IRS had abated all of the alleged tax liability owed by Plaintiffs for taxable years 2002. In a separate letter dated July 1, 2013, the IRS stated that Plaintiffs still owed $122.78 for taxable year 2001. The account transcript for Plaintiffs for taxable year 2001 continued to show that Plaintiffs still owed $122.78 until that amount was completely abated on December 9, 2013. Defendant represented to the District of Columbia Circuit that the $122.78 amount was mistakenly overlooked, and Defendant abated that amount within a week of the District of Columbia Circuit's ruling. The liens for the 2002 taxable year and the 2001 taxable year were released on June 28, 2013, and November 22, 2013, respectively.

On February 11, 2014, Plaintiffs filed the instant action, wherein they seek: (1) Count I – an emergency injunction to use Plaintiffs' correct address and an order against assessment and collection under 26 U.S.C. § 6213; (2) Count II – judgment in Plaintiffs' favor over allegations of abusive tax collection under 26 U.S.C. § 7433 (and, perhaps, failure to release tax liens under 26

4

U.S.C. § 7432); and (3) judgment in Plaintiffs' favor for conduct in violation of the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. (the "FTCA").

### III.  LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a plaintiff's claims.  The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in the plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992).  While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions.  *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999).  A plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *See also Ashcroft v. Iqbal*, 556 U.S. 662, 696-97 (2009).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice."  2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000).  If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Rule 56.  *See* Fed. R. Civ. P. 12(d).

2:14-cv-10635-LPZ-MKM   Doc # 12   Filed 01/07/15   Pg 6 of 9   Pg ID 199

# IV.  ANALYSIS

**A.      Count II - Abusive Tax Collection under IRC 7433**

In Count II, Plaintiffs allege the IRS, through its employees and agents, violated 26 U.S.C. § 7433 from 1999 to October 2009.  Among other allegations, Plaintiffs state that the IRS and its employees and agents sent Plaintiffs the notice of determination letter and engaged in wrongful conduct when pursuing the collection of taxes from Plaintiffs for taxable years 2001 and 2002.

Under 26 U.S.C. § 7433, a plaintiff must file a lawsuit in district court within two years of the time a cause of action accrues against the IRS. *See* 26 U.S.C. § 7433(d)(3); 26 C.F.R. § 301.7433-1(g)(1); *Tharp v. United States*, 13 Fed.Appx. 326, 328 (6th Cir. 2001).  A cause of action under 26 U.S.C. § 7433 accrues when a taxpayer "has had a reasonable opportunity to discover all essential elements of a possible cause of action." *See* 26 C.F.R. § 301.7433-1(g)(2); *Dziura v. United States*, 168 F.3d 581, 583 (1st Cir. 1999).  "The two-year statute of limitations of section 7433 is not subject to equitable tolling, even where the taxpayer seeks to exhaust administrative remedies." *Hynard v Internal Revenue Service*, 233 F.Supp.2d 502, 509 (S.D.N.Y. 2002) (citing *United States v. Marsh*, 89 F.Supp.2d 1171, 1176-77 (D.Hawaii 2000)("the statute of limitations applicable to section 7433 is not tolled pending exhaustion of administrative remedies, but runs from the time the cause of action accrued")), *aff'd* 87 Fed.App'x 220 (2d Cir. 2004) .  A plaintiff's failure to timely file an action within that two-year period deprives the court of jurisdiction. *United States v. Dalm*, 494 U.S. 596, 608 (1990).

In the instant case, the Court finds that Plaintiffs' cause of action accrued, at the latest, in October/November 2009, when Plaintiffs received from the IRS the letter of determination of taxes owed for taxable years 2001 and 2002.  As Plaintiffs did not file this cause of action until February

2014, more than four years after their cause of action accrued, the Court holds that Plaintiffs' claims under 26 U.S.C. § 7433 are time-barred. Moreover, based on established law, the Court must reject Plaintiffs' contention that the two-year statute of limitations under 26 U.S.C. § 7433 should be equitably tolled. *See Hynard, supra*.

The Court also notes that, in their response brief, Plaintiffs argue that they are entitled to relief under 26 U.S.C. § 7432 due to the IRS's alleged failure to timely release the tax liens for taxable years 2001 and 2002.[1] Although the liens were not released until more than a year after the Tax Court's decision (in June 2013 for taxable year 2002 and November 2013 for taxable year 2001), the Court concludes that any cause of action sought by Plaintiffs pursuant to 26 U.S.C. § 7432 must fail because Plaintiffs did not exhaust their administrative remedies before filing this suit. *See* § 26 U.S.C. § 7432(d)(1). Pursuant to regulations promulgated by the Secretary of the IRS, a taxpayer <u>must</u> make a claim based on 26 US.C. § 7432 in writing to the district director (marked for the attention of the Chief, Special Procedures Function). That claim must include: (a) the taxpayer's identifying information (including phone numbers, addresses and time to be contacted), (b) a copy of the notice of lien affecting the property, (c) a copy of the request for release of lien made in accordance with Treasury Regulations 26 C.F.R. § 401.6325–1(f), if applicable, the grounds for the claim (including substantiation), (d) a description of the injuries incurred, and (e) the dollar amount of the claim. *See* Treas. Reg. 26 C.F.R. § 301.7432–1(f); *Venen v. United States,* 38 F.3d 100, 103 (3rd Cir. 1994). As Plaintiffs have not complied with 26 U.S.C. § 7432(d)(1) and its attendant regulations by filing a claim with the district director, this Court lacks jurisdiction over Plaintiff's

---

[1] Plaintiffs' did not assert a claim under 26 US.C. § 7432 in their complaint. In the interests of justice, however, the Court addresses the issue now in order to avoid any need to address it in the future.

section 7432 claim, to the extent one has been pled. *Venen*, 38 F.3d at 103. *See also Griswold v. United States*, 59 F.3d 1571, 1582 (11th Cir. 1995).

For the reasons set forth above, the Court grants Defendant's Motion to Dismiss Count II of Plaintiffs' Complaint.

## B.      Count III - Abuse of Process

The parties treat Plaintiffs' abuse of process claim as one brought under the FTCA.  The FTCA, however, expressly prohibits claims related to the assessment or collection of taxes. *See* 28 U.S.C. § 2680(c).  Plaintiffs attempt to circumvent that prohibition by arguing that the FTCA only prohibits claims related to the assessment or collection of "taxes," not "penalties."  Specifically, Plaintiffs argue that because the statute refers only to the assessment or collection of taxes and not penalties (which are two separate and differently defined terms under the United States tax code), the FTCA's prohibition regarding the assessment or collection of taxes does not bar a claim for an alleged wrongful assessment or collection of penalties.  The Court is not persuaded by Plaintiffs' position.

The United States Supreme Court recently held that penalties are included within the term "tax." *See Nat'l Federation of Independence Business v. Sebelius*, 132 S.Ct. 2566 (2012), citing *United States v. Sotelo,* 436 U.S. 268, 275 (1978) ("That the funds due are referred to as a 'penalty'...does not alter their essential character as taxes").  The Supreme Court's ruling is consistent with a long line of case law. *See e.g., Nelson v. Sears, Roebuck & Co.*, 312 U.S. 359, 363 (1941); *Gonsalves v. United States*, 782 F. Supp. 164, 168-69 (D. Me. 1992), *aff'd sub nom. Gonsalves v. I.R.S.*, 975 F.2d 13 (1st Cir. 1992); *National Commodity and Barter Association, National Commodity Exchange v. Gibbs,* 886 F.2d 1240, 1246 (10th Cir. 1989) (assessment of

8

penalties for promotion of abusive tax shelter); *Capozzoli v. Tracey,* 663 F.2d 654, 657–58 (5th Cir. 1981) ("Congress intended to insulate the IRS from tort liability stemming from *any* of its revenue-raising activities," including the taking of photographs alleged to be tortious invasion of privacy); *Morris v. United States,* 521 F.2d 872, 874 (9th Cir. 1975) (unlawful seizure and levy of property fell within exempted group of tort claims arising out of tax collection efforts).   Accordingly, the Court rejects Plaintiffs' position that the FTCA prohibition on claims for the assessment or collection of taxes does not apply to the assessment and collection of penalties imposed under Title 26.

For the reasons set forth above, the Court dismisses Count III of Plaintiffs' Complaint.

## C.    Count I - Emergency Injunction

In Count I, Plaintiffs bring a claim for injunctive relief.   Injunctive relief is not a freestanding claim, however, but is simply a form of relief. *See, e.g., Terlecki v. Stewart*, 278 Mich.App. 644, 663 (2008) ("It is well settled that an injunction is an equitable remedy, not an independent cause of action").   In this case, Plaintiffs have failed to state a claim upon which relief can be granted. Accordingly, the Court grants Defendant's Motion to Dismiss Count I of Plaintiffs' Complaint.

## V.  CONCLUSION

Accordingly,  and  for  the  reasons  set  forth  above,  IT  IS  HEREBY  ORDERED  that Defendant's Motion to Dismiss (Docket #6) is GRANTED.   IT IS FURTHER ORDERED that Plaintiffs' cause of action shall be DISMISSED WITH PREJUDICE. Judgment shall be entered accordingly.

IT IS SO ORDERED.                          S/Bernard A. Friedman
                                           LAWRENCE P. ZATKOFF
                                           UNITED STATES DISTRICT JUDGE

Dated: January 7, 2015